# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DARREN EASTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA,<br><br>    Defendant. | Case No. 20-cv-09517-BLF<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT; AND TERMINATING MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF 19, 20] |

Before the Court is the State Bar of California ("State Bar") motion to set aside default. *See* Mot., ECF 19. Pro se Plaintiff Darren Eastman opposes this motion. *See* Opp'n, ECF 23. Pursuant to Civil Local Rule 7-1(b), the Court finds that the State Bar's motion is appropriate for determination without oral argument, and the October 14, 2021 hearing is VACATED. As set out below, the Court GRANTS the State Bar's motion and sets aside the default. The Court also TERMINATES AS MOOT Mr. Eastman's pending motion for default judgment, which was filed five days after the State Bar's motion.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." In the Ninth Circuit, good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). Technically, this test "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (internal

quotation marks and citation omitted).

Moreover, although the same test governs motions to set aside entry of default—such as the Court confronts here—and motions for relief from final default judgment under Federal Rule of Civil Procedure 60, the test is "more liberally applied in the Rule 55(c) context." *Id.* at 1091 n.1; *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (noting that a "district court's discretion is especially broad when, as in this case, it is entry of default that is being set aside, rather than a default judgment"). That is because, in the former case, "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

The State Bar argues that it was never properly served under Federal Rules of Civil Procedure Rule 4(j)(2). Mot. 2-4. The State Bar also argues that it has not engaged in culpable conduct, as it has a good faith belief that it had not been properly served and moved swiftly to set aside the clerk's entry of default, filing this motion the day after the clerk's default was entered. Mot. 4. The State Bar further argues that it has a meritorious Eleventh Amendment defense to all claims, and Mr. Eastman will not suffer prejudice by having to defend his claims on the merits. Mot. 4-7.

In his opposition, Mr. Eastman does not respond to the State Bar's argument that he failed to effect proper service under Rule 4(j)(2). A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The Court finds that there has not been proper service in this case, and, accordingly, finds no culpable conduct by the State Bar. Therefore, the State Bar's motion to set aside default is GRANTED, and Mr. Eastman's motion for default judgment is TERMINATED AS MOOT. The Parties are encouraged to meet and confer regarding curing the deficient service in this case.

**IT IS SO ORDERED.**

Dated: May 20, 2021

_____
BETH LABSON FREEMAN
United States District Judge

2